CAROLINE A. ESTABROOK, EXECUTRIX, APPELLANT, V.
SAMUEL STEVENSON ET AL., APPELLEES.

FILED JANUARY 19, 1897. No. 6924.

Landlord and Tenant: REPAIRS: RECEIVER. Real property was leased
for a term of ten years, an option reserved to the lessor to termi-
nate it at the end of five years. The lessor elected to put an end
to the lease at the close of the shorter period, and took the neces-
sary steps to effect his purpose. This was resisted by the lessee,
and during the course of the litigation which ensued the lessor
made application for the appointment of a receiver to take charge
and care of the property and collect the rents. This was granted,
and subsequently the court was asked to order the receiver to pay
some accounts due parties for material furnished and work per-
formed in repairs to the property ordered to be made by the lessee
and completed prior to the appointment of the receiver. This re-
quest was granted. No liens had been perfected against the prop-
erty for the amounts of the accounts. *Held*, Not to be charges
against either the property or the rent money in the hands of the
receiver, but individual debts of the lessee, and that the order to
the receiver to pay them was erroneous.

APPEAL from the district court of Douglas county.
Heard below before FERGUSON, J. *Reversed*.

*Estabrook & Davis*, for appellant.

*A. C. Wakeley, contra*.

HARRISON, J.

It appears that on May 1, 1884, Experience Estabrook
leased to Samuel Stevenson certain real estate in the
city of Omaha for the term of ten years, with the privilege
reserved to the lessor of terminating the lease at the expi-
ration of five years of the term; that by a provision of
the lease the lessor, at the termination of the term, should
pay the lessee for such improvements as had been made
or placed on the real estate by the lessee during the life
of the lease, the value of such improvements to be deter-
mined by arbitrators. The lessor gave notice of his elec-
tion to terminate the lease at the end of the five years,

arbitrators were chosen as had been provided, who made an award, to which the lessor objected and filed his petition in the district court of Douglas county setting forth the facts.    To the petition the lessee and the party to whom he had conveyed his rights in the premises answered, and of the issues joined there was a trial and a resulting judgment, by which it was established that the lease had been terminated at the end of the five years. The award of the arbitrators as to the value of the improvements was set aside, and the court in its decree adjusted this and other matters.    From this judgment an appeal was taken to this court by Samuel and Mary Stevenson.    During the pendency of the appeal, Experience Estabrook made application to the district court for the appointment of a receiver to take possession of the property, to have the charge thereof, to collect the rents and retain the same subject to the orders of the court. This application was made of date November 18, A. D. 1893, and was resisted by the Stevensons. But on final hearing, December 30, 1893, the application was granted and a receiver appointed, who qualified, gave his bond, and assumed his duties.  On November 30, 1893, during the pendency of the application for, and before the appointment of, the receiver, the building of the leased property was damaged by fire and certain repairs rendered necessary to again put portions of the premises in a fit condition for occupancy.    Some of the repairing was done by parties employed by Stevenson, other parts of the necessary work he executed himself, all being completed before the appointment of the receiver.    It is stated in Stevenson's affidavit that the full rent for the month of December, 1893, would have been $125, but it was lessened by reason of the injury to the building by fire to the sum of $42, which he retained to pay him for his own personal services in repairing the building.    Subsequent to his appointment, an application was made for an order of the court directing the receiver to pay, out of rent moneys collected by him, the accounts of parties for ma-

terial used and labor performed in and about the repairs on the property of the injuries caused by the fire, and which were made and completed prior to his appointment. This application was supported by affidavits, and on hearing, February 24, 1894, was sustained and the receiver ordered to pay the accounts. From this order an appeal to this court was perfected for Experience Estabrook, who has since died, and the cause has been revived in the name of his executrix, Caroline Estabrook.

There is but one brief filed in the cause, that for appellant. The appeal was prosecuted by virtue of the provision of section 275 of the Code of Civil Procedure, wherein appears the following: "All orders appointing receivers, giving them further directions, and disposing of the property may be appealed to the supreme court in the same manner as final orders and decrees." The repairs were made and the debts contracted before the property was in the custody of the court or its receiver, and not by order of either court or receiver. The parties making them had no lien or claim against the premises, so far as this record discloses, and the accounts were not liens or charges on or against the fund in the receiver's hands of rents collected after he took charge of the property. The repairs were ordered by and made for Samuel Stevenson, and, unless liens had been perfected against the property, they had no other or further character than bills against him, and were accounts of his individual or personal indebtedness. We can discover no tenable grounds upon which the order to the receiver to pay these accounts from the rent money in his hands could be based. It was erroneous and must be reversed and the application for the order denied.

JUDGMENT ACCORDINGLY.

IRVINE, C., not sitting.